**UNITED STATES of America, Appellee,**

v.

**Frank FABIO, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Frank VUONO, Appellant.**
**Nos. 11586, 11602.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 12, 1968.

Decided April 12, 1968.

---

Michael A. Querques, Orange, N. J. (Harvey Weissbard, and Querques & Isles, Orange, N. J., on brief), for appellant, Frank Fabio.

James A. Ostendorf, Baltimore, Md., court-appointed counsel, for appellant, Frank Vuono.

Stephen D. Shawe, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., on brief), for appellee.

Before SOBELOFF and BUTZNER, Circuit Judges, and MERHIGE, District Judge.

PER CURIAM.

Frank Fabio and Frank Vuono were tried jointly and convicted of robbing a federal savings and loan association. Fabio contends the summation of the prosecuting attorney was prejudicial, and that the trial judge erroneously excluded a police report and wrongfully admitted evidence of identification at a lineup. Vuono assigns error to the trial judge's failure to disqualify himself, and to the judge's admonition that the jury should disregard a part of the argument made by his counsel. We find no error and affirm the convictions.

In closing argument, the prosecutor referred to certain evidence as uncontradicted. Fabio raised no objection then, but now asserts that this was hostile comment upon his failure to testify. The prosecutor's language did not constitute plain error. Fed.R.Crim.P. 52 (b). Cf. United States v. Johnson, 337 F.2d 180, 203 (4th Cir. 1964), cert. denied sub nom. Edlin v. United States, 385 U.S. 846, 87 S.Ct. 44, 17 L.Ed.2d 77 (1966); Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955). Furthermore, the jury was properly charged on the right of the defendants not to testify. There is no merit in other criticism of the prosecutor's summation.

Fabio attempted to introduce into evidence a report prepared by a Baltimore policeman, which contained a description of the robbers. The district judge properly excluded the report as hearsay. Cf. Palmer v. Hoffman, 318 U.S. 109, 111, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Hartzog v. United States, 217 F.2d 706 (4th Cir. 1954). While the description was relevant, the person who

furnished the description to the police was a witness and could have been examined on this point. Cf. United States v. Kompinski, 373 F.2d 429, 431 (2d Cir. 1967). Nor was the report suppressed, as Fabio claims. Defense counsel were given the report early in the trial.

 The district judge permitted a government witness who had made a courtroom identification of Fabio to testify on redirect examination that he had identified Fabio at a police lineup soon after the robbery. Fabio attacks the admission of this testimony as hearsay—a prior consistent statement. Courts differ on the admissibility of prior identification, but the recent trend is to admit the evidence and ascertain its probative value through examination and cross-examination. See Gilbert v. State of California, 388 U.S. 263, 272 n. 3, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Bolling v. United States, 18 F.2d 863, 864 (4th Cir. 1927).

Vuono's assignment of error that the district judge failed to disqualify himself is without merit. During a hearing on pre-trial motions, the court stated that it would make an *in camera* inspection of the government's file to determine whether it contained exculpatory information that should be turned over to the defendant. The judge also remarked that the trial should be conducted by another judge. After inspection, no reference to his disqualification appears. Neither the judge nor the defendant pursued the matter. No bias or prejudice requiring disqualification has been shown. United States v. Grinnell, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). We also find no merit in Vuono's claim that the trial judge improperly admonished the jury to disregard part of his counsel's closing argument. The court correctly told the jury to decide the case on the facts contained in the record and to disregard defense counsel's improper invitation to seek additional evidence in newspapers. United States v. Schwartz, 325 F.2d 355, 358 (3rd Cir. 1963).

The defendants' motions for bail pending appeal and application for a writ of certiorari are denied.

United States v. Fabio, No. 11,586 affirmed.

United States v. Vuono, No. 11,602 affirmed.