**UNITED STATES of America,**
**Appellee,**

v.

**John Louis WEEMS, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Eugene WASHINGTON, Appellant.**

**Nos. 11863, 11872.**

United States Court of Appeals
Fourth Circuit.

Argued June 18, 1968.

Decided July 16, 1968.

James G. Beach, Jr., Baltimore, Md., Court-appointed counsel, for appellant, Weems.

Laurence M. Katz, Baltimore, Md., Court-appointed counsel, for appellant, Washington.

Nevett Steele, Jr., Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., and Paul M. Rosenberg, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, BOREMAN and BUTZNER, Circuit Judges.

SOBELOFF, Circuit Judge:

Appealing from their conviction for kidnaping, 18 U.S.C.A. § 1201(a),[1] defendants Washington and Weems raise two principal contentions for our consideration. They maintain that their cause was unduly prejudiced by references, both in the indictment and at trial, to an assault, rape and other criminal acts committed upon the victim of the kidnap which are claimed by the defendants to be irrelevant to the offense charged. Appellants further contend that the prosecutor, in his summation to the jury, improperly called attention

---

1. 18 U.S.C.A. § 1201(a) provides:
   "Whoever knowingly transports in interstate or foreign commerce, any person who has been unlawfully seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, * * * shall be punished (1) by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend; or (2) by imprisonment for any term of years or for life, if the death penalty is not imposed."

to their failure to testify. We find no merit in either contention.[2]

The indictment charged that the accused knowingly kidnaped their victim for "immoral purposes" and that they "did rape, carnally know, beat, injure, bruise, and harm [her], and did not liberate her unharmed." The defendants maintain that the purpose of the kidnap is immaterial and, in light of United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968), that evidence of any harm sustained during the period of forced detention is irrelevant on the issue of guilt. From this premise they reason that the allegedly tainted language in the indictment, which came to the jury's attention, and the evidence introduced in support thereof, worked prejudicially and constituted reversible error.

The answer is found in the statute itself which condemns the knowing transportation in interstate commerce of a person held against her will for "ransom or reward or otherwise." This court has recognized that "[a]n indictment * * * for a statutory offense * * * may ordinarily be laid in the language of the statute, unless the statute omits an essential element of the offense or includes it only by implication." United States v. Guthrie, 387 F.2d 569, 571 (4 Cir. 1967); 4 Barron, Federal Practice and Procedure § 1914 and 1964 Supp. § 1914 (Wright ed.). Furthermore, while we are aware of numerous cases permitting the introduction of evidence relating to the kidnaper's motive, in order to show that the

victim was held "for ransom or reward or otherwise," for example, Reed v. United States, 364 F.2d 630, 633 (9 Cir. 1966); DeHerrera v. United States, 339 F.2d 587 (10 Cir. 1964); United States v. Varner, 283 F.2d 900 (7 Cir. 1961); Brooks v. United States, 199 F.2d 336 (4 Cir. 1956), we find no authority to support defendants' proposition that the admission of such evidence might vitiate an otherwise valid conviction.

Moreover, evidence of the criminal acts occurring in the instant kidnap has independent significance of a highly relevant nature and was therefore properly admitted. Foremost, these acts are admissible to show that the victim was held against her will. Holden v. United States, 388 F.2d 240, 242 (1 Cir. 1968). Then too, certain indications of a rape, items found at the scene of the attack which were used by the victim to take care of her personal needs, were corroborative of the charge that the kidnapers had transported their victim interstate from Washington, D. C., to the District of Maryland. We are of the opinion, therefore, that these contemporaneous criminal acts were essential to a full presentation of the kidnaping offense. There is no reason to fragmentize the event under inquiry. These details are integral parts of the offense charged. See McCormick, Evidence § 157, p. 328 (1954).

The second ground of appeal concerns a single statement by the prosecutor, in the course of his closing argument to the jury, to the effect that certain evidence and testimony was "un-

---

2. At trial appellants also attacked the constitutionality of the Federal Kidnaping Act. They argued that by providing for the imposition of the death penalty only in those cases where the accused requested a jury, the statute effectively discouraged the exercise of that right.

  However, in response to defendants' motions to dismiss the indictment, the Government agreed not to seek the death penalty and the court stated that it would not submit the question of capital punishment to the jury. Thus, defendants were in no way restrained from fully ex-

ercising their constitutional rights. Subsequent to the filing of appellants' briefs in this court, in which the same contention was made, the Supreme Court announced its decision in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). There the Court found the death penalty clause unconstitutional, but held that portion severable from the remainder of the statute, and upheld it as constitutional. At oral argument defendants conceded that Jackson is dispositive of this issue.

contradicted and undisputed."[3] Relying heavily on Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 2d 106 (1964), defendants argue that the challenged comment directed the jury's attention to their failure to testify and thus trespassed upon their Fifth Amendment rights.

Defendants, however, registered no objection to the prosecutor's argument. And in his charge, the trial judge fully and properly instructed the jury that it was to draw no inferences from defendants' failure to testify. Significantly, no exception was taken to the charge, nor was there any request for additional instructions.

Had defense counsel promptly objected when the prosecutor made the ambiguous remark complained of, and had the judge been afforded an opportunity to rectify the possible harm but declined to do so, we would be confronted with a different case. On this record, however, in the absence of any objection, we are not called upon to rule whether, under the test enunciated by the Tenth Circuit, the "jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Knowles v. United States, 224 F.2d 168, 170 (1955). Instead, we hold that such comment did not constitute plain error under 52(b) of the Federal Rules of Criminal Procedure. See United States v. Fabio, 394 F.2d 132 (4 Cir. 1968).

We are clearly of the view that in the present circumstances a reversal is not warranted. Without undertaking further to define the proper limits of argument, we take the occasion to admonish United States Attorneys in this circuit to observe the spirit of *Griffin* and to avoid jeopardizing otherwise certain convictions by arguments that border on forbidden ground. Experienced prosecutors find that avoiding the needless precipitation of issues with possibly constitutional dimensions promotes fairness to the accused and the effectiveness of their own efforts.

Appellant Weems raises a number of additional contentions which we have carefully considered and have found to be without merit.

The judgment of the District Court is Affirmed.

---

3. The challenged portion of the prosecutor's summation reads as follows: "The only issue is whether these [Washington and Weems] are the two individuals, and I say to you that from the evidence that you have heard, that you saw Mrs. Moore on the witness stand, you observed the manner in which she testified, you ob-served her demeanor. * * * The only evidence in the case [other than that presented on behalf of the co-defendant Weems to establish an alibi] is the testimony of Mrs. Moore, uncontradicted and undisputed, that these are the individuals that raped her and kidnapped her and ravished her."