**UNITED STATES of America,**
**Appellee,**

v.

**Donald Eugene ANDERSON, Appellant.**

**No. 12495.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1969.

Decided Feb. 5, 1969.

Stewart C. Economou, Alexandria, Va., for appellant.

John D. Schmidtlein, Asst. U. S. Atty., (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF, BRYAN and BUTZNER, Circuit Judges.

PER CURIAM:

■ Donald Eugene Anderson appeals his conviction of bank robbery, assigning as error the introduction of evidence concerning a lineup in which he was identified. Anderson asserts that he was denied due process and equal protection of the law because he was compelled to appear in the lineup before he had been arrested for the offense. The purpose of an arrest is to take a person into custody, but Anderson was already in lawful custody as a result of his conviction for another crime. Cf. United States v. Jones, 403 F.2d 498 (7th Cir. 1968), and Rigney v. Hendrick, 355 F.2d 710 (3d Cir. 1965). Moreover, the lineup was not the adjunct of a dragnet. He had already been identified as the robber by an accomplice whose report of the robbery had been corroborated by investigations made by the police.

■ Nor do we find unfairness or prejudice in the conduct of the lineup. Counsel was appointed and present, a reporter transcribed the proceedings, and photographs of the lineup were taken. Neither the police nor the Assistant United States Attorney who conducted the lineup focused attention on Anderson. Distinctive garb was used as a disguise in the commission of the crime, and all persons in the lineup were similarly clothed. Cf. United States v. Wade, 388 U.S. 218, 236 n. 26, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

■ Two employees of the bank who had identified Anderson in the lineup were unable to identify him at trial, but, of course, at that time he was not wearing the disguise. The court permitted the witnesses to testify that they had identified the man in the number four position of the lineup as the robber. A police officer was then allowed to testify that the number four man was Anderson. We find no error in the admission of this extrajudicial identification. See Gilbert v. California, 388 U.S. 263, 272 n. 3, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); cf. United States v. Fabio, 394 F.2d 132, 134 (4th Cir. 1968).

Judgment affirmed.