334 So.2d 385 (1976)
STATE of Louisiana
v.
Eddie Louis BELL.
No. 57510.
Supreme Court of Louisiana.
June 21, 1976.
*386 R. Judge Eames, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Warren Hebert, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On May 23, 1974, a warrant of arrest of defendant Eddie Louis Bell was issued pursuant to an affidavit executed by a Baton Rouge police detective, who deposed that during his investigation of a burglary report he learned that:
"At about 10:00 A.M. May 16, 1974 Mrs. Lorraine Lanehart returned to her home at 3062 Potomac Street to find a strange car backed up to her house with a young black male standing beside the car. Upon entering the home she noticed that it had been broken into and several hundred dollars in jewelry stolen. Subsequently Mrs. Lanehart positively identified Eddie Bell from a photo lineup as being the man who sped away from her home upon her return."
On August 25, 1975, more than fifteen months later, defendant was arrested, booked with simple burglary and released on bond. On October 30, 1975, upon the State's motion, the court ordered defendant to show cause why he should not be ordered to appear and stand in a line-up. Following a hearing on January 5, 1976, the trial court ordered the defendant to participate in a line-up on January 21, 1976, but granted defendant through January 14, 1976 within which to apply for supervisory writs. When defendant applied to this Court we granted writs and stayed further proceedings against him in the district court.
Due to a malfunction of the recording equipment at the show cause hearing, the transcript contains only the trial court's order, and does not indicate what showing was made by the State in support of its motion. Defendant alleges that at the hearing on the motion, the State offered into evidence the arrest warrant and the photographic line-up from which defendant had been identified without laying a proper foundation therefor, and that the motion was granted solely on the basis of this evidence. Defendant contends that he should have been given an opportunity to crossexamine the complaining witness and the investigating officer, and to challenge the validity of the photographic line-up. He *387 complains that the arrest warrant was stale and that in order to exhibit him in a lineup, the State had the burden of proving probable cause for his arrest. Instead, defendant claims that the State shifted its burden to him by requiring him to show cause why he should not be ordered to stand in a line-up. In sum, it is argued that the court order authorized an unlawful detention in violation of the Fourth Amendment to the United States Constitution.
An unreasonable seizure of a person for investigatory purposes is prohibited by the Fourth Amendment. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L. Ed.2d 889 (1968), and Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). The Davis case, relied upon heavily by defendant, involved the investigation of a rape in which the victim could give no better description of her assailant than that he was a black youth. Petitioner was detained, along with at least twenty-four other black youths, for fingerprinting and interrogation. The Court held that the detention, which was neither authorized by a judicial officer nor based upon probable cause, was constitutionally invalid. However, we find Davis inapposite because it involved an initial arrest which was fatally defective for lack of procedural safeguards which were observed in the instant case. Here the trial judge determined that there was probable cause to believe that defendant had committed the burglary when he signed the arrest warrant. Furthermore, the State sought court authorization for the line-up and did not extra-judicially detain defendant for this purpose.
Contrary to defendant's alternative contention, an arrest warrant does not become "stale" with the passage of time. La. C.Cr.P. art. 205 provides that "[a] warrant of arrest remains in effect until executed." This is because grounds for arrest, once established, will continue to exist indefinitely, assuming that no new facts have come to light. See L. Hall, et al., Modern Criminal Procedure, 257 (3d ed. 1969).
Nor can we agree with defendant's third argument, viz., that he was entitled to collaterally attack the original finding of probable cause at the hearing on the motion for a line-up; there are other procedures available for, and more properly suited to, the testing of these issues. Defendant has the right to a preliminary examination under Art. I, § 14, La.Const. 1974, the contemplated purpose and scope of which is "judicial intervention to determine whether probable cause exists to hold an individual instead of leaving the decision solely to law enforcement agencies." Hargrave, The Declaration of Rights of the Louisiana Constitution of 1974, 35 La. L.Rev. 1, 49 (1974). Under Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed. 2d 54 (1975), an accused who has been released on bond is no less entitled to a preliminary examination than one who is incarcerated. Additionally, defendant could challenge the validity of the photographic line-up in a motion to supress. La.C.Cr. P. art. 703. Consequently, we find that defendant was not improperly deprived of the opportunity to dispute the finding of probable cause for his arrest and the validity of the photographic line-up in the proceedings below.
Defendant's most compelling argument is that the State should have the burden of showing the justification for detaining a person free on bail and that the State failed to do so in this case. Defendant asserts that the State is required to make a second showing of probable cause comparable to that required upon original arrest for the brief detention which is desired here. We do not fully agree with defendant. Because of his bail obligation, defendant was not completely at liberty; rather, he was constructively in the custody of the law and subject to the court's inherent *388 authority to deal with him. Taylor v. Taintor, 16 Wall. 366, 21 L.Ed. 287 (1873), and United States v. Croft, 450 F.2d 1094 (6th Cir. 1971). Compare American Bar Association Standards for Criminal Justice Relating to Discovery and Procedure Before Trial (1970), Standard 3.1. La.C.Cr.P. art. 330 cites as a condition of the bail undertaking defendant's responsibility to appear at all stages of the proceedings and to submit himself to the orders of the court. However, it should be noted that an accused who has been released on bail is answerable only to the orders of the court. This interposes between him and potentially arbitrary police action the impartial decision of a judicial officer. We find merit in defendant's argument to the extent that we hold the function of the court, as a neutral and detached magistrate, is to insure that his freedom, although limited, is nevertheless protected against unreasonable or unjust intrusions by the State. Cf. Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S.Ct. 2022, 2031-32, 29 L.Ed.2d 564 (1971).
The record before us does not establish that the trial court performed its function as a mediator at the hearing on the State's motion. The motion itself did not indicate why the line-up was necessary or even that it was to be conducted in connection with the same offense for which defendant had been arrested; and the truncated transcript with which we have been supplied does not reflect that the court required the State to show that the order was just and reasonable before granting it. We therefore vacate the order of the trial court and remand the case for a hearing consistent with the views expressed herein.
The issue of what protective order, if any, may be required to prevent suggestive identification at any hearing on this motion is not before us.
REMANDED.