DENNIS, Justice
(concurring).
In State v. Boettcher, 338 So.2d 1356 (La. 1976) No. 57,558, we held that upon motion and a proper showing by a defendant a trial judge may order a pre-trial line-up. In the present case the defendant moved the court to order a person not a party to these proceedings to appear in a line-up with the defendant. The trial judge refused to allow the defendant to introduce evidence that the police had information that someone other than the defendant committed the offense. In accordance with our holding in Boettcher we have remanded the instant case to allow the defendant to attempt to establish a foundation for the trial judge’s exercise of his discretion to order a pre-trial line-up.
I agree with the principle and the rule announced by this Court in State v. Boettcher, supra, and with the disposition of the instant case. However, I do not understand the holding of the Court in the instant case to mean that an accused may upon request compel third persons to participate in a pre-trial line-up, without also showing there is probable cause to believe the third person committed the offense. Such an expansive interpretation would, in my view, do violence to the constitutional rights of such individuals recognized by the United States Supreme Court in Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). See also, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Bell, 334 So.2d 385 (La. 1976). One’s person is protected by the federal and state constitutions from unreasonable seizures for investigatory purposes. United States Constitution Amendment IV; Louisiana Constitution Article I, § 5 (1974).
Generally, before a third person can be compelled to attend such a line-up, either at the request of the State or the defendant, in my opinion there must be a showing of probable cause to believe that he participated in the commission of the offense. A different standard may apply where the third person is already in legal custody on an unrelated matter, see United States v. Scarpellino, 431 F.2d 475 (8th Cir. 1970); United States v. Anderson, 406 F.2d 719 (4th Cir. 1966); United States v. Evans, 359 F.2d 776 (3d Cir. 1966); Rigney v. Hendrick, 355 F.2d 710 (3d Cir. 1965), but we need not concern ourselves with its definition in the instant case because the evidence does not indicate the person sought is in custody.