812 F.2d 1409
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy Lynn HURST, Defendant-Appellant.
 No. 86-5278.
 United States Court of Appeals, Sixth Circuit.
 Jan. 5, 1987.
 
 Before ENGEL, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, Tommy Lynn Hurst, appeals his conviction for kidnapping under 18 U.S.C. Sec. 1201(a)(1), and using a firearm to commit a felony, 18 U.S.C. Sec. 924(c). Before trial, Hurst had filed a written motion to suppress all testimony (1) related to sexual acts performed by the appellant and his two victims, and (2) concerning numerous incriminating statements made by appellant to a local police officer and later to an FBI agent. On January 2, 1986, a suppression hearing was conducted at the conclusion of which the trial court ruled that Hurst's incriminating statements and testimony concerning the same would be admitted. On February 24, 1986, the trial court ruled that the United States would be permitted to present evidence of the sexual acts of Hurst and the victims as long as they occurred the same day as the kidnapping. The United States in its case-in-chief presented detailed testimony concerning both of these items; a verdict of guilty on both counts was returned by the jury on March 5, 1986.
 
 
 2
 Appellant argues that it was reversible error for the trial court to have admitted into evidence testimony concerning the sexual acts performed by Hurst and the two victims because such testimony was not necessary to prove the elements of the crime of kidnapping, and its relevance and necessity were outweighed by its prejudicial or inflammatory effect. Appellant also asserts that it was reversible error for the trial court to admit into evidence incriminating statements made by Hurst and testimony concerning such statements in view of Hurst's assertion that at the first or second interview he stated that he didn't want to talk until a lawyer was present.
 
 
 3
 The testimony concerning the defendant's treatment of the two young victims after they had been kidnapped by him and while they were being unlawfully held was fully relevant to the state of mind of the defendant and tended to negate his defense on trial that the girls voluntarily accompanied him. Where such evidence is an integral part of the immediate circumstances of the offense charged, it is relevant and not rendered inadmissible because some of the conduct might also have been subject to criminal charges apart from those in the indictment. United States v. Stubblefield, 408 F.2d 309 (6th Cir.1969); United States v. Cochran, 475 F.2d 1080 (8th Cir.1973); United States v. Weems, 398 F.2d 274 (4th Cir.1968).
 
 
 4
 The record clearly indicates that the statements given by Hurst to the police were voluntary and were given after police had explained to Hurst his Miranda rights. Although Hurst alleged that his Fifth and Sixth Amendment rights were violated because he requested counsel before making statements to the police, Edwards v. Arizona, 451 U.S. 477 (1981), the trial judge discounted that argument and found, based on the record, that no request for counsel had ever been made. We conclude that admission of Hurst's statements was not clearly erroneous, and that even if admission of the statements violated Hurst's rights, such admission must be deemed harmless beyond a reasonable doubt, especially in view of the overwhelming nature of the evidence against him. United States v. Murphy, 763 F.2d 202 (6th Cir.1975).
 
 
 5
 AFFIRMED.
 
 
 6
 JONES, Circuit Judge, concurring.
 
 
 7
 While I am in complete agreement with the majority of this panel that the district court's judgment of conviction should be affirmed, I write separately because I am unable to concur fully in the majority's analysis of the second issue regarding the voluntariness of Hurst's multiple confessions and the applicability of the harmless error rule.
 
 
 8
 The record indicates that Mr. Hurst, an illiterate with a clinical I.Q. of 67, turned himself in to the local police authorities at approximately 5:00 p.m. on Saturday, September 7, 1985. Before 10:00 p.m. that evening, he had given two complete statements to Detective Sharp of the Sheriff's Department, the latter being highly inculpatory. The following Monday, September 9th, Hurst gave two more statements to Special Agent Gossfeld of the Federal Bureau of Investigation. The information in these two statements substantially tracked that contained in the prior two made to Detective Sharp. The record reveals that Hurst remained in state custody throughout this time, had never consulted with counsel, and had not been brought before a judicial officer as late as Thursday, September 12th.
 
 
 9
 My first point of disagreement with the majority relates to the standard of review applicable to the admission of confessions in criminal prosecutions. The ultimate question of admissibility is one of "voluntariness" of the confession. It is this court's duty to review the entire record to make an independent determination whether the confession was a product of the defendant's free and rational choice. Beckwith v. United States, 425 U.S. 341, 348 (1976). Voluntariness is a question of mixed law and fact. Factual findings of the district court "of the specific external occurrences and events surrounding the confession" are entitled to substantial deference and will not be disturbed unless clearly erroneous. United States v. Murphy, 763 F.2d 202, 206 (6th Cir.1985), cert. denied, 106 S.Ct. 812 (1986). However, in determining the subjective state of mind of the accused at the time the statement was given and the legal significance of how he reacted to the external factors of his confinement and interrogation, this court is not constrained at all by the lower court's determination. Id. (citing cases). Therefore, to the extent that the majority concludes that the "admission of Hurst's statements was not clearly erroneous," I must conclude that this court has applied the wrong standard on the ultimate issue of voluntariness. Nevertheless, after reviewing the entire record, it is my independent determination that at least the first two statements made to Detective Sharp were voluntarily made and therefore properly admitted.
 
 
 10
 I also take exception to the majority's application of the harmless error rule to the facts of this case. Citing the Murphy case, the majority seems to hold that even if all four of Hurst's statements were improperly admitted, it "must still be deemed harmless beyond a reasonable doubt, especially in view of the overwhelming nature of the evidence against him." It is clear to me, however, that absent the inculpatory admissions in the statements on the central issue of the interstate transportation of the two young girls against their will, the trial would have been reduced to a swearing match between the defendant and the government's witnesses. Such instances of conflicting testimony were expressly distinguished by the Murphy court as inappropriate for application of the harmless error rule. Id. at 209. I would assert that where the only evidence offered at trial on the elements of the crime charged is sharply conflicting testimony, the erroneous admission of an involuntary confession can never be deemed harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 24 (1967).
 
 
 11
 While I have concluded that the first two statements made to Detective Sharp were voluntary, and hence, admissible, I have grave doubts about the voluntariness of the latter two statements made to Agent Gossfeld. The fact that these latter statements were made during an unjustified and extraordinarily long prearraignment detention, when combined with Hurst's moderate retardation and the fact that he had not consulted with an attorney, is strong evidence that the statements to Gossfeld were not voluntarily made. Such factors could very well have combined to overcome this particular defendant's will. Still, we need not determine whether the statements given to Gossfeld were, in fact, involuntary. Assuming they were, their admission into evidence would have been harmless error since they were merely cumulative of the two properly admitted statements made to Sharp and the statements taken by Sharp were highly corroborative evidence of Hurst's guilt. See Milton v. Wainwright, 407 U.S. 371 (1972).
 
 
 12
 With these exceptions and for these reasons, I concur in the court's conclusion that the judgment of conviction entered by the district court should be affirmed.