914 F.2d 1492
 31 Fed. R. Evid. Serv. 420
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro HERRERA, Defendant-Appellant.
 No. 89-5759.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1990.
Decided Sept. 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CR-89-300-AM)
 Gregory B. English, English & Smith, Alexandria, Va., for appellant.
 Henry E. Hudson, United States Attorney, Dennis M. Kennedy, Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alejandro Alarez Herrera appeals his criminal conviction pursuant to 21 U.S.C. Secs. 844 and 851 for felony possession of cocaine. Herrera assigns error to the district court's admission of testimony regarding prior crimes, wrongs, and bad acts under Fed.R.Evid. 403 and 404(b).[1] We affirm.
 
 I.
 
 2
 Herrera was charged in the Eastern District of Virginia with simple possession of cocaine in violation of 21 U.S.C. Sec. 844. On September 26, 1989, following a two-day jury trial, Herrera was found guilty as charged. On November 17, 1989, Herrera was sentenced to the statutory maximum of thirty-six months imprisonment,[2] a supervised release period of one year, and a mandatory special assessment of fifty dollars.
 
 
 3
 Prior to trial, the defendant filed a motion in limine seeking to exclude any references to defendant's prior criminal record. Defense counsel stated that because the defendant would not take the stand, defendant's character was not in issue. Therefore, no character evidence was admissible pursuant to Fed.R.Evid. 607, 608 or 609. The district court held any ruling on the admissibility of defendant's criminal record in abeyance pending the conclusion of the government's case-in-chief.
 
 
 4
 At trial, the parties stipulated to the following facts: the Lorton Reformatory is located within the special maritime and territorial jurisdiction of the United States in the Eastern District of Virginia; the cocaine in question had been seized from a jeep parked outside the Lorton Reformatory; the defendant is not licensed to operate a motor vehicle; the jeep from which the cocaine was seized was registered in the name of the defendant's mother; a proper chain of custody was maintained with regard to the cocaine; laboratory analysis revealed the substance to be cocaine hydrochloride; and cocaine is a Schedule II controlled substance.
 
 
 5
 Investigator Sheely testified at trial that he is a police officer for the District of Columbia assigned to the Lorton Interdiction Task Force. Investigator Sheely was on duty with his partner, Detective Brett, on August 8, 1989, at approximately 8:30 p.m. The officers noticed the defendant, Herrera, standing next to a gold jeep in the parking lot at the Lorton Reformatory, the driver's door to the jeep was open and the keys were in the ignition of the vehicle. The officers asked Herrera if he had a driver's license. At first Herrera stated that he did have a license, then said that he did not have it with him, and finally stated that he did not have a driver's license. Herrera stated that his passenger, Ms. Kathryn Harris, did have a driver's license.[3]
 
 
 6
 The officers were then given permission to search the jeep, in which they found a Kool cigarette package containing cocaine. The officers placed Herrera under arrest at which time he said, "They planted the drugs on me. They planted the drugs on me." The officers placed Herrera in the rear of their vehicle and began to field-test the substance. Herrera leaned forward and attempted to blow the cocaine away.
 
 
 7
 On cross-examination, Investigator Sheely reiterated that Herrera had consented to the search, that Herrera denied the drugs were his, and that Herrera stated there was another person, Ms. Harris, present in the car.
 
 
 8
 Defendant's mother, Gladys Fernandez, testified that the defendant works as a security guard, that she and her husband own the jeep in question and that it was not her cocaine found in the jeep. Mrs. Fernandez also testified that she did not know whether her son used drugs. Defendant's sister, Gladys Herrera, testified that the defendant works "in security" and that she did not use cocaine or sell drugs.
 
 
 9
 Kathryn Harris testified that she visited Lorton Reformatory with the defendant on August 8, 1989. She further stated that the cocaine seized from the jeep was hers and that it had been placed in the jeep when Herrera left the vehicle to pay for gasoline.[4] Harris testified that she was visiting her brother at the Lorton Reformatory and had placed the cocaine in the jeep for fear of being searched when she entered the prison. She also stated that Herrera did not know that the cocaine was present in the vehicle. Ms. Harris was also questioned as to why it took her three weeks to come forward and tell her story. In the context of this line of questioning, Ms. Harris answered that approximately one week prior to trial, she had told Herrera she would come forward and admit her ownership of the cocaine. The government then asked when and where she had had this discussion with Herrera. Defense counsel objected to Harris testifying that she had visited Herrera in pre-trial detention. The objection was overruled[5] and Harris was allowed to testify that she had this discussion while the defendant was incarcerated.
 
 
 10
 After ruling that certain portions of defendant's prior criminal record were admissible pursuant to Fed.R.Evid. 404(b),[6] the district court allowed Investigator Sheely to be recalled and to testify, over defense objections, that the defendant had been previously convicted of possession of marijuana and PCP on March 25, 1986, and of possession of marijuana with intent to distribute on November 16, 1983. The district court indicated it would tender a cautionary instruction with regard to this testimony, instructing the jury that the information bore only on the issues of knowledge, intent and willfulness and not to show bad character or propensity to act in conformity therewith.
 
 
 11
 The defendant offered no evidence at trial.
 
 
 12
 Following deliberations, the jury found the defendant, Herrera, guilty of one count of possession of cocaine. Defendant noted this timely appeal raising two related issues under Fed.R.Evid. 404(b): did the trial court err in allowing the introduction of evidence of defendant's (1) prior criminal record and (2) pretrial confinement status?
 
 II.
 Rule 404(b) states that:
 
 13
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
 
 
 14
 Rule 404(b) has been termed an "inclusive" rule which " 'admits all evidence of other crimes [or acts] relevant to an issue in a trial except that which tends to prove only criminal disposition.' " United States v. Masters, 622 F.2d 83, 85 (4th Cir.1980) (quoting Weinstein & Berger's Evidence, Sec. 404 at 404-41 and 404-42 (1979)); see also United States v. Watford, 894 F.2d 665, 671 (4th Cir.1990).
 
 
 15
 In order for evidence of prior bad acts to be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than character;[7] (2) necessary;[8] and (3) reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). If the evidence is admissible under Rule 404(b), it must also be more probative than prejudicial under Rule 403. United States v. King, 768 F.2d 586, 588 (4th Cir.1985).
 
 
 16
 The decision of the district court whether to admit evidence under Rule 404(b) is discretionary and such decision will not be overturned unless it was an arbitrary or irrational exercise of discretion. United States v. Greenwood, 796 F.2d 49, 53 (4th Cir.1986).
 
 III.
 
 17
 In the instant case, the district court found that the evidence of Herrera's two prior drug convictions was relevant to issues other than the character of the defendant. The district court found the evidence was relevant to Herrera's "knowledge, to intent and the like."[9] The court also found the evidence to be necessary and probative and, by inference, not unfairly prejudicial under Rule 403.[10] Clearly, the district court took into consideration all the factors relevant to a Rule 404(b) question. Given the evidence before the district court, we are unable to conclude that its ruling was either arbitrary or an irrational exercise of discretion.
 
 IV.
 
 18
 The second issue raised on appeal is the district court's ruling allowing Ms. Harris to testify that she had met with the defendant while he was in pre-trial confinement. Ms. Harris testified that she had told the defendant her intentions of coming forward and testifying that the cocaine was hers when she visited him in jail approximately a week prior to trial. The government argued that Ms. Harris had already answered a question, without objection from defense counsel, indicating the defendant was in jail. The court ruled that the information was admissible not only due to counsel's failure to raise a timely objection, but also because it was properly arguable to the jury that Ms. Harris had allowed the defendant to sit in jail for three weeks without saying anything to anybody, even defense counsel, regarding the fact that the cocaine was hers. We find no error in that ruling.
 
 V.
 
 19
 We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and oral argument would not aid in the decisional process.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Defendant assigns two separate grounds for his assertion: first, because the defendant never put his character at issue, the introduction of this character evidence is prohibited by Fed.R.Evid. 608 and 609; and second, the prejudicial effect of this evidence far outweighed the probative value of the testimony under the factual circumstance presented here (i.e., the government's entire case was predicated on circumstantial evidence); therefore, the evidence is inadmissible under Rule 403
 
 
 [2]
 Ordinarily, offenses under Sec. 844 are misdemeanors carrying a maximum penalty of one year imprisonment and a fine not to exceed $5,000. However, Herrera's thirty-six month prison sentence was based on an enhancement provision contained in Sec. 844 as the defendant had two prior drug convictions. Under Sec. 844,
 if [a defendant] commits such offense after two or more prior convictions under this subchapter or subchapter II of this chapter, or two or more prior convictions for any drug or narcotic offense chargeable under the law of any State, of a combination of two or more such offenses having become final, he shall be sentenced to a term of imprisonment for not less than 90 days but not more than 3 years, and shall be fined a minimum of $5,000.
 
 
 [3]
 When the officers subsequently questioned Ms. Harris, it was learned that she had a learner's permit, but did not have a driver's license
 
 
 [4]
 Based on these in-court admissions, Ms. Harris was subsequently indicted and pled guilty to possession of the same cocaine
 
 
 [5]
 In ruling that the testimony was relevant, the district court noted that "he's [Herrera] been locked up all this time and she [Harris] remained quiet." The court further noted that the information about his pre-trial incarceration had already been testified to without objection and defense counsel's objection was, therefore, untimely
 
 
 [6]
 At the same time the district court ruled that the drug-related convictions were admissible under Rule 404(b), the court held that convictions for burglary and breaking and entering were inadmissible. The district court had previously ruled that convictions for carrying a pistol without a license and simple assault were likewise inadmissible
 The district court stated that "the inference that would have to be drawn would be that because he did those things [burglary and breaking and entering] that he is involved in drugs.... The notion that it's part of a pattern is not sufficiently probative in the Court's view to overcome the prejudice."
 As to the drug-related offenses, however, the district court stated that the unlawful marijuana misdemeanors are probative to knowledge, to intent and the like. The prejudice test under 403 is a fairly significant one. The Court must be persuaded that the jury would be irrational or enter an irrational decision, not merely that the evidence is incriminating. Of course, the evidence is going to be prejudicial. The question is whether it's unfairly prejudicial.
 
 
 [7]
 United States v. Greenwood, 796 F.2d 49, 53 (4th Cir.1986). In order for the evidence to be "relevant," it must be sufficiently related to the charged offense. See United States v. Shackleford, 738 F.2d 776, 779 (7th Cir.1984)
 
 
 [8]
 The evidence is considered necessary and admissible where it is an essential part of the crimes at trial, see United States v. Masters, 622 F.2d 83, 86 (4th Cir.1980), where it "furnishes part of the context of the crime," United States v. Smith, 446 F.2d 200, 204 (4th Cir.1971), or where it is necessary to a "full presentation" of the case. United States v. Weems, 398 F.2d 274, 275 (4th Cir.1968), cert. denied, 393 U.S. 1099 (1969)
 In United States v. Smith, this court stated:
 The decision in a particular case may be a difficult one, involving "balancing, on the one side, the actual need for the other-crimes-evidence in light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes-evidence in supporting the issue, and on the other, the degree to which the jury will probably be roused by the evidence to overmastering hostility."
 446 F.2d at 203-04, quoting McCormick, Evidence (1954 Ed.), p. 332.
 
 
 [9]
 The United States Attorney argued that the evidence was also relevant to the credibility of Herrera's mother and sister, who both testified that they did not know whether the defendant possessed, used or sold drugs. The district court correctly noted that the government is entitled to impeach its own witnesses if the testimony constitutes surprise. However, it is unclear from the record whether the district court premised any part of its admissibility ruling on this argument. In light of our ruling today that there was no error in admitting the evidence based on Rule 404(b), it is unnecessary to reach this question
 
 
 [10]
 The district court, in ruling on defense counsel's motion in limine, stated the relevant inquiry under Rule 403 to be whether "the jury would be irrational or enter an irrational decision, not merely that the evidence is incriminating. Of course, the evidence is going to be prejudicial. The question is whether it's unfairly prejudicial. And the Court concludes on the basis of all that I've heard so far that it is necessary and it is probative."