**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                     No. 99-4953

SCOTT NORMAN BALTHAZAR,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-99-11)

Submitted: May 19, 2000

Decided: June 5, 2000

Before MURNAGHAN and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel R. Bieger, COPELAND, MOLINARY & BIEGER, P.C.,
Abingdon, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, S. Randall Ramseyer, Assistant United States Attor-
ney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Scott Norman Balthazar was convicted of three counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999); one count of possession of ammunition by a convicted felon, in violation of § 922(g)(1); and one count of knowing possession of stolen firearms, in violation of 18 U.S.C.A. § 922(j) (West Supp. 1994). He received a 78-month sentence and a supervised release term of three years. Balthazar now appeals, raising two issues. We affirm.

I

Between September 28, 1995, and June 7, 1998, there were eleven burglaries in Wythe, Smyth, and Washington Counties, Virginia, and Sullivan County, Tennessee. Firearms were stolen in all the burglaries, and officials suspected that the burglaries were related. On December 31, 1997, officers responded to a domestic call at the home of Scott Balthazar's half-brother, Michael. Several of the stolen firearms were recovered from his home. During an investigation that followed, Michael gave a statement that he and the defendant had purchased the guns and that he knew they had been stolen. Michael additionally told officers that two of the stolen firearms had been pawned to his father, Freddie.

Authorities then executed a search of Freddie Balthazar's residence. The search resulted in the recovery of fifteen of the firearms stolen during the burglaries. Freddie Balthazar provided a written statement connecting Scott to two of the firearms.

Scott Balthazar was indicted on eleven charges but convicted only on Counts One, Four, Five, Seven, and Eleven. The district court found that his base offense level was 14, see U.S. Sentencing Guide-

2

lines Manual § 2K2.1(a)(6) (1998). The level was increased by two levels because at least one of the firearms was stolen. See USSG § 2K2.1(b)(4). The court found that, besides the six firearms and the ammunition involved in the counts of conviction, seven additional firearms qualified as relevant conduct. Therefore, Balthazar received an additional four-level increase, see USSG§ 2K2.1(1)(b)(1)(D), for a total offense level of 19. With a criminal history of VI, Balthazar's guideline range was 63-78 months. He received a 78-month sentence.

II

Balthazar first contends that the district court erred when it refused to allow introduction of a police report to impeach the testimony of one of the government's witnesses, Gay Phillips. She testified that, as she was walking home from church, she saw a white car with three occupants leaving her driveway. When she entered her home, she discovered it had been robbed. Based on her description of the vehicle, police shortly thereafter stopped a car, driven by the defendant and containing two other occupants. Deputy Hazelwood testified for the defense that Mrs. Phillips informed him that the car had only two occupants. Balthazar asked that Hazelwood's police report, which relates that Mrs. Phillips said that only two persons were in the car, be admitted to impeach Mrs. Phillips' testimony. Because Mrs. Phillips was a witness and could have been examined on the point, the district court properly excluded the report as inadmissible hearsay. See United States v. Fabio, 394 F.2d 132, 133 (4th Cir. 1968).

III

Under the sentencing guidelines, the offense level is determined by relevant conduct. See USSG § 1B1.1, comment. (n.1(l)). Under USSG § 1B1.3(a)(2), offenses which are groupable under USSG § 3D1.2(d) are part of a defendant's relevant conduct if they are part of the same course of conduct or common scheme or plan as the count of conviction. Offenses covered by USSG § 2K2.1 are specifically listed as offenses to be grouped under USSG § 3D1.2(d). In addition, Application Note 9 to USSG § 2K2.1 provides that any unlawfully possessed firearms should be counted in calculating the number of firearms for enhancement purposes under subsection (b)(1). Unlawful possession

3

of a firearm may be actual or constructive. See United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997).

Balthazar does not dispute that the six guns and the ammunition identified in the counts of conviction were properly treated as relevant conduct. He complains, however, that the district court also included four guns that were not charged in the indictment and three guns that were charged but for which he was not convicted.* The record, however, reflects that these seven guns were stolen in the Virginia and Tennessee robberies. The district court found credible the testimony of ATF Special Agent Hall that Michael had stated that he had received three of the guns from Scott and that Freddie had stated that he had received two of the guns from Scott. Further, one of the guns, a Mossberg pump-action shotgun, was stolen from Gay Phillips at the same time the ammunition that was the subject of Count Seven (a count of conviction) was stolen. Finally, at trial, Gail Balthazar, Michael's wife, testified that Michael received the remaining gun from Scott. Given this evidence, the district court did not clearly err in including the seven firearms as relevant conduct.

IV

We therefore affirm Balthazar's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Counsel incorrectly claims that a Ruger Mini .223 rifle was included as relevant conduct. However, the record clearly reveals that the district court excluded this gun when making its calculations.

4